UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.

CASE NO.  3:26-cr-96-JEP-LLL
18 U.S.C. § 371
18 U.S.C. § 922(a)(6)
18 U.S.C. § 1349

KANEASHA JANAY BROWN
ZARRIYN ALZONO CANNON
TALINT WAYNE JAMAL CURTIS
PHE'LAN AYANI DIXON
D'ANGELO JOSE' ENCARNACION
SKYE TIANDRA GILLESPIE
DE'ONDRE DE'SHAUN JACKSON
DAYSHA LE ANNA MCCLENDON
DESTINY DEVINE MCCLENDON
MONICA SOPHEAR PHLEUY
SH'KISE ANTHONY SPENCER
DEANNA SHONTELL WHEELER

**INDICTMENT**

The Grand Jury charges:

**COUNT ONE**
(Conspiracy)

A.  **Introduction**

At all times material to this Indictment:

1.     The defendants resided in the Middle District of Florida, specifically in Jacksonville. Florida.

2.     Sportsmans Guide, LLC is corporation located in St. Paul, Minnesota.

3.     Sportsmans Guide, LLC is an online and catalog retailer specializing in outdoor sporting goods, including hunting gear, firearms, ammunition, military surplus, fishing equipment, and outdoor apparel.

4. In order to purchase a firearm on the Sportsmans Guide website, the firearm that a customer purchases must be sent to a federally licensed firearms dealer in (FFL) in order to complete the purchase.

5. An FFL is a person or business authorized by the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) to manufacture, import, or sell firearms. They are legally required to conduct background checks, maintain records, and adhere to state and federal laws for all firearm sales and transfers.

6. Once the firearm purchased from Sportsman Guide arrived at the FFL of the customer's choice, the customer would have to fill out ATF Form 4473.

7. ATF Form 4473, or the Firearms Transaction Record, is a mandatory document used in the United States to record the sale or transfer of a firearm from an FFL to a private individual. It facilitates a mandatory background check through the FBI's National Instant Criminal Background Check System (NICS) to ensure the buyer is not legally prohibited from possessing a firearm.

8. Form 4473 asks specific questions to the purchaser of the firearm in order to determine if the purchaser is legally allowed to possess said firearm.

9. One of the questions, Question 21.a asks: "Are you the actual transferee/buyer of the firearm(s) listed on this form and any continuation sheet(s) (ATF Form 5300.9A)?"

10. Following Question 21.a in bold on Form 4473 is the following statement: Warning: You are not the actual transferee/buyer of the firearm if you are acquiring the firearm(s) on behalf of another person. If you are not the actual

2

transferee/buyer, the licensee cannot transfer the firearm(s) to you.

## B. The Conspiracy

11.     Beginning on an unknown date, but no later than in or around March 2023, and continuing through in or about January 2024, in the Middle District of Florida, and elsewhere, the defendants,

KANEASHA JANAY BROWN,
ZARRIYN ALZONO CANNON,
TALINT WAYNE JAMAL CURTIS,
PHE'LAN AYANI DIXON,
D'ANGELO JOSE' ENCARNACION
SKYE TIANDRA GILLESPIE,
DE'ONDRE DE'SHAUN JACKSON,
DAYSHA LE ANNA MCCLENDON,
DESTINY DEVINE MCCLENDON,
MONICA SOPHEAR PHLEUY,
SH'KISE ANTHONY SPENCER, and
DEANNA SHONTELL WHEELER,

did knowingly and willfully combine, conspire, confederate, and agree with each other and with others, both known and unknown to the Grand Jury, to commit an offense against the United States, that is, acquiring firearms, from a federally licensed firearms dealer, during which acquisition, the defendants knowingly made false and fictitious written statements intended and likely to deceive the dealer with respect to a fact material to the lawfulness of the sale of such firearms

In violation of 18 U.S.C. § 922(a)(6).

## C. Manner and Means of the Conspiracy

12. The manner and means by which the defendants and others sought to accomplish the object of the conspiracy included, among others:

3

a. It was part of the conspiracy that the conspirators would set up an online account on the Sportman's Guide website.

b. It was further part of the conspiracy that CURTIS, ENCARNACION, and SPENCER advised the other conspirators on which specific firearms to purchase.

c. It was further part of the conspiracy that once the firearms were purchased online, the conspirators would go to an FFL to complete the ATF Form 4473.

d. It was further part of the conspiracy that the conspirators who completed ATF Form 4473 would answer, "Yes" to question 21.a, stating that they were purchasing the firearms for themselves, when in fact, they were actually purchasing the firearm for someone else, specifically for CURTIS, ENCARNACION, and SPENCER.

e. It was further part of the conspiracy that the conspirators would and did perform acts and make statements to hide and conceal, and cause to be hidden and concealed, the purpose and object of the conspiracy and the acts committed in furtherance thereof.

### D. Overt Acts

13. In furtherance of the conspiracy, and to effect the object thereof, the following overt acts, among others, were committed in the Middle District of Florida, and elsewhere:

4

a. On March 30, 2023, DESTINY MCCLENDON acquired a Century Micro Draco pistol at JAX Jewelry and Pawn II, an FFL in Jacksonville Florida, knowing that the firearms she was acquiring were not for herself, but rather were for other conspirators.

b. On July 5, 2023, WHEELER acquired four Glock pistols at U.S. Patriot Firearms LLC, an FFL in Jacksonville Florida, knowing that the firearms she was acquiring were not for herself, but rather were for other conspirators.

c. On July 7, 2023, PHLEUY acquired four Glock pistols at Money Mizer Pawns and Jewelers, an FFL in Jacksonville Florida, knowing that the firearms she was acquiring were not for herself, but rather were for other conspirators.

d. On July 20, 2023, BROWN acquired four Glock pistols at JAX Jewelry & Pawn II, an FFL in Jacksonville Florida, knowing that the firearms she was acquiring were not for herself, but rather were for other conspirators.

e. On August 7, 2023, DAYSHA MCCLENDON acquired two Glock pistols and a Springfield pistol at U.S. Patriot Firearms LLC, an FFL in Jacksonville Florida, knowing that the firearms she was acquiring were not for herself, but rather were for other conspirators.

f. On August 23, 2023, GILLESPIE acquired four Glock pistols at KNA Accessories LLC, an FFL in Jacksonville Florida, knowing

5

that the firearms she was acquiring were not for herself, but rather were for other conspirators.

g. On August 28, 2023, ENCARNACION acquired three Glock pistols at U.S. Patriot Firearms LLC, an FFL in Jacksonville Florida, knowing that the firearms he was acquiring were not for himself, but rather were for other conspirators.

h. On September 1, 2023, DIXON acquired two Glock pistols and a Century Micro Draco at U.S. Patriot Firearms LLC, an FFL in Jacksonville Florida, knowing that the firearms she was acquiring were not for herself, but rather were for other conspirators.

i. On November 30, 2023, CANNON acquired three Glock pistols at U.S. Patriot Firearms LLC, an FFL in Jacksonville Florida, knowing that the firearms he was acquiring were not for himself, but rather were for other conspirators.

j. On December 8, 2023, JACKSON acquired four Glock pistols and a Smith and Wesson pistol at KNA Accessories LLC, an FFL in Jacksonville Florida, knowing that the firearms he was acquiring were not for himself, but rather were for other conspirators.

In violation of 18 U.S.C. § 371.

## COUNT TWO
**(False Statement to Federally Licensed Firearms Dealer)**

On or about March 30, 2023, in the Middle District of Florida, the defendant,

### DESTINY DEVINE MCCLENDON,

acquired a firearm, specifically, a Century Micro Draco, from a federally licensed firearms dealer, namely, JAX Jewelry & Pawn II, during which acquisition, the defendant knowingly made a false and fictitious written statement intended and likely to deceive the dealer with respect to a fact material to the lawfulness of the sale under the provisions of Title 18, Chapter 44, United States Code, to wit, answering "yes" to question 21.a. on an ATF Form 4473, which asks, "Are you the actual transferee/buyer of the firearm(s) listed on this form and any continuation sheet(s) (ATF Form 5300.9A)?" when in fact the defendant was buying the firearm on behalf of someone else.

In violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2).

## COUNT THREE
**(False Statement to Federally Licensed Firearms Dealer)**

On or about July 5, 2023, in the Middle District of Florida, the defendant,

### DEANNA SHONTELL WHEELER,

Acquired firearms, specifically, four Glock pistols, from a federally licensed firearms dealer, namely, U.S. Patriot Firearms, LLC., during which acquisition, the defendant knowingly made a false and fictitious written statement intended and likely to deceive the dealer with respect to a fact material to the lawfulness of the sale under the provisions of Title 18, Chapter 44, United States Code, to wit, answering

"yes" to question 21.a. on an ATF Form 4473, which asks, "Are you the actual transferee/buyer of the firearm(s) listed on this form and any continuation sheet(s) (ATF Form 5300.9A)?" when in fact the defendant was buying the firearm on behalf of someone else.

In violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2).

## COUNT FOUR
### (False Statement to Federally Licensed Firearms Dealer)

On or about July 7, 2023, in the Middle District of Florida, the defendant,

MONICA SOPHEAR PHLEUY,

acquired firearms, specifically, four Glock pistols, from a federally licensed firearms dealer, namely, Money Mizer Pawns and Jewelers, during which acquisition, the defendant knowingly made a false and fictitious written statement intended and likely to deceive the dealer with respect to a fact material to the lawfulness of the sale under the provisions of Title 18, Chapter 44, United States Code, to wit, answering "yes" to question 21.a. on an ATF Form 4473, which asks, "Are you the actual transferee/buyer of the firearm(s) listed on this form and any continuation sheet(s) (ATF Form 5300.9A)?" when in fact the defendant was buying the firearm on behalf of someone else.

In violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2).

8

**COUNT FIVE**
**(False Statement to Federally Licensed Firearms Dealer)**

On or about July 20, 2023, in the Middle District of Florida, the defendant,

KANEASHA JANAY BROWN,

acquired firearms, specifically, four Glock pistols, from a federally licensed firearms

dealer, namely, JAX Jewelry & Pawn II, during which acquisition, the defendant

knowingly made a false and fictitious written statement intended and likely to

deceive the dealer with respect to a fact material to the lawfulness of the sale under

the provisions of Title 18, Chapter 44, United States Code, to wit, answering "yes" to

question 21.a. on an ATF Form 4473, which asks, "Are you the actual

transferee/buyer of the firearm(s) listed on this form and any continuation sheet(s)

(ATF Form 5300.9A)?" when in fact the defendant was buying the firearm on behalf

of someone else.

In violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2).

**COUNT SIX**
**(False Statement to Federally Licensed Firearms Dealer)**

On or about August 7, 2023, in the Middle District of Florida, the defendant,

DAYSHA LE ANNA MCCLENDON,

acquired firearm, specifically, two Glock pistols and a Springfield pistol, from a

federally licensed firearms dealer, namely, U.S. Patriot Firearms, LLC., during

which acquisition, the defendant knowingly made a false and fictitious written

statement intended and likely to deceive the dealer with respect to a fact material to

the lawfulness of the sale under the provisions of Title 18, Chapter 44, United States

9

Code, to wit, answering "yes" to question 21.a. on an ATF Form 4473, which asks, "Are you the actual transferee/buyer of the firearm(s) listed on this form and any continuation sheet(s) (ATF Form 5300.9A)?" when in fact the defendant was buying the firearm on behalf of someone else.

In violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2).

## COUNT SEVEN
### (False Statement to Federally Licensed Firearms Dealer)

On or about August 23, 2023, in the Middle District of Florida, the defendant,

SKYE TIANDRA GILLESPIE,

acquired firearms, specifically, four Glock pistols, from a federally licensed firearms dealer, namely, KNA Accessories LLC, during which acquisition, the defendant knowingly made a false and fictitious written statement intended and likely to deceive the dealer with respect to a fact material to the lawfulness of the sale under the provisions of Title 18, Chapter 44, United States Code, to wit, answering "yes" to question 21.a. on an ATF Form 4473, which asks, "Are you the actual transferee/buyer of the firearm(s) listed on this form and any continuation sheet(s) (ATF Form 5300.9A)?" when in fact the defendant was buying the firearm on behalf of someone else.

In violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2).

10

## COUNT EIGHT
### (False Statement to Federally Licensed Firearms Dealer)

On or about August 28, 2023, in the Middle District of Florida, the defendant,

### D'ANGELO JOSE' ENCARNACION,

acquired firearms, specifically, three Glock pistols, from a federally licensed firearms dealer, namely, U.S. Patriot Firearms, LLC, during which acquisition, the defendant knowingly made a false and fictitious written statement intended and likely to deceive the dealer with respect to a fact material to the lawfulness of the sale under the provisions of Title 18, Chapter 44, United States Code, to wit, answering "yes" to question 21.a. on an ATF Form 4473, which asks, "Are you the actual transferee/buyer of the firearm(s) listed on this form and any continuation sheet(s) (ATF Form 5300.9A)?" when in fact the defendant was buying the firearm on behalf of someone else.

In violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2).

## COUNT NINE
### (False Statement to Federally Licensed Firearms Dealer)

On or about September 1, 2023, in the Middle District of Florida, the defendant,

### PHE'LAN AYANI DIXON,

acquired firearms, specifically, two Glock pistols and a Century Micro Draco pistol, from a federally licensed firearms dealer, namely, U.S. Patriot Firearms, LLC, during which acquisition, the defendant knowingly made a false and fictitious written statement intended and likely to deceive the dealer with respect to a fact

11

material to the lawfulness of the sale under the provisions of Title 18, Chapter 44, United States Code, to wit, answering "yes" to question 21.a. on an ATF Form 4473, which asks, "Are you the actual transferee/buyer of the firearm(s) listed on this form and any continuation sheet(s) (ATF Form 5300.9A)?" when in fact the defendant was buying the firearm on behalf of someone else.

In violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2).

## COUNT TEN
### (False Statement to Federally Licensed Firearms Dealer)

On or about November 30, 2023, in the Middle District of Florida, the defendant,

### ZARRIYN ALZONO CANNON,

acquired firearms, specifically, three Glock pistols, from a federally licensed firearms dealer, namely, U.S. Patriot Firearms, LLC, during which acquisition, the defendant knowingly made a false and fictitious written statement intended and likely to deceive the dealer with respect to a fact material to the lawfulness of the sale under the provisions of Title 18, Chapter 44, United States Code, to wit, answering "yes" to question 21.a. on an ATF Form 4473, which asks, "Are you the actual transferee/buyer of the firearm(s) listed on this form and any continuation sheet(s) (ATF Form 5300.9A)?" when in fact the defendant was buying the firearm on behalf of someone else.

In violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2).

12

## COUNT ELEVEN
### (False Statement to Federally Licensed Firearms Dealer)

On or about December 8, 2023, in the Middle District of Florida, the defendant,

### DE'ONDRE DE'SHAUN JACKSON,

acquired firearms, specifically, four Glock pistols and a Smith and Wesson pistol, from a federally licensed firearms dealer, namely, KNA Accessories LLC, during which acquisition, the defendant knowingly made a false and fictitious written statement intended and likely to deceive the dealer with respect to a fact material to the lawfulness of the sale under the provisions of Title 18, Chapter 44, United States Code, to wit, answering "yes" to question 21.a. on an ATF Form 4473, which asks, "Are you the actual transferee/buyer of the firearm(s) listed on this form and any continuation sheet(s) (ATF Form 5300.9A)?" when in fact the defendant was buying the firearm on behalf of someone else.

In violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2).

## COUNT TWELVE
### (Wire Fraud Conspiracy)

1. The allegations contained in this indictment are hereby realleged and incorporated herein by reference.

2. Sezzle, Inc. is a corporation that is located in Minneapolis, Minnesota.

3. Sezzle is a financial technology company that offers "Buy Now, Pay Later" services to customers using their services.

4. A customer can purchase an item primarily online using Sezzle's partner

13

affiliates, and then when the customer pays for an item, can select the pay by Sezzle option, which will then send customers to the Sezzle platform.

5.    Once on the Sezzle platform, the customer provides personal information and enters an agreement with Sezzle under which the customer agrees to pay for the entire purchase in installments to Sezzle.

6.    Sezzle then charges the customer 25 percent of the total purchase price of the good to be purchased, with the remaining 75 percent to paid later in three installments to Sezzle.

7.    Once the customer completes the initial transaction on Sezzle, Sezzle pays the entire purchase price to the original vendor company from which the customer purchased the goods.

## B. The Conspiracy

8.    Beginning on an unknown date, but no later than in or around March 2023, and continuing through in or about January 2024, in the Middle District of Florida and elsewhere, the defendants,

> TALINT WAYNE JAMAL CURTIS,
> D'ANGELO JOSE' ENCARNACION,
> DESTINY DEVINE MCCLENDON, and
> SH'KISE ANTHONY SPENCER,

did knowingly and willfully combine, conspire, confederate, and agree with others, both known and unknown to the Grand Jury, to commit wire fraud, in violation of 18 U.S.C. § 1343.

14

## C. Manner and Means of the Conspiracy

9.    The manner and means by which the defendants and others sought to accomplish the object of the conspiracy included, among others, the following:

a.  It was part of the conspiracy that the defendants approached individuals to purchase firearms using the Sportman's Guide website.

b.  It was further part of the conspiracy that the defendants directed the individuals to utilize the Sezzle form of payment that was linked to every firearms purchase.

c.  It was further part of the conspiracy that the defendants would provide the individuals with the first payment, allowing Sezzle to accept the purchase.

d.  After the defendants would provide the individuals with the first payment, they would not make any of the remaining payments owed to Sezzle.

e.  As a result, Sezzle would be responsible to Sportsman's Guide for the entirety of the payments.

f.  The defendants directed purchases in the amount of approximately $36,270 and caused Sezzle to lose over $25,000 that the defendants never intended to pay.

g.  All transactions between the defendants and Sezzle occurred from the defendants and others acting at their behalf, located in Jacksonville, Florida and the Sezzle computer servers that were located in Minnesota.

All in violation of 18 U.S.C. § 1349.

## FORFEITURE

1.    The allegations contained in Counts One through Twelve are incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 924(d), 18 U.S.C. § 934(a), 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c).

2.    Upon conviction of a conspiracy of the violation of 18 U.S.C. § 922(a)(6), in violation of 18 U.S.C. § 371, the defendants shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), any firearm or ammunition involved in or used in the offense.

3.    Upon conviction of a conspiracy of the violation of 18 U.S.C § 1343, in violation of 18 U.S.C. §1349, the defendants shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.

4.    If any of the property described above, as a result of any act or omission of the defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty,

16

the United States of America shall be entitled to forfeiture of substitute property

pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

A TRUE BILL,

GREGORY W. KEHOE
United States Attorney

By: _____

JOHN CANNIZZARO
Assistant United States Attorney

By: _____

MICHAEL J. COOLICAN
Assistant United States Attorney
Chief, Jacksonville Division

17

FORM OBD-34
5/7/26 Revised

No.

## UNITED STATES DISTRICT COURT
### Middle District of Florida
### Jacksonville Division

## THE UNITED STATES OF AMERICA

vs.

KANEASHA JANAY BROWN
TALINT WAYNE JAMAL CURTIS
PHE'LAN AYANI DIXON
D'ANGELO JOSE' ENCARNACION
SKYE TIANDRA GILLESPIE
DE'ONDRE DE'SHAUN JACKSON
DAYSHA LE ANNA MCCLENDON
DESTINY DEVINE MCCLENDON
MONICA SOPHEAR PHLEUY
SH'KISE ANTHONY SPENCER
DEANNA SHONTELL WHEELER

## INDICTMENT

| Violations: | Ct. 1: | 18 U.S.C. § 371 |
| | Cts. 2-11: | 18 U.S.C. § 922(a)(6) and 924(a)(2) |
| | Ct. 12: | 18 U.S.C. § 1349 |

A true bill,



Filed in open court this _____ day
of May, 2026.

_____
                              Clerk

Bail   $_____

GPO 863 525